IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA M. GUEVARA ORTIZ; MARGARITA GRACIA; LOURDES HUERTAS; MAGALIE CRISPIN; MARIA BETANCOURT; HERNAN VILLANUEVA; WILLIAM LEON FIGUEROA; VICTOR ILARRANZA; FRANCISCO PADILLA; MAYRA I. BERRIOS; RICARDO OTERO PIZARRO; LUIS ORLANDO BERRIOS; GERALDO CLEMENTE; FELIPE DIAZ MELENDEZ; MILDRED ESPINOSA AVILES; CHRISTIAN MARTINEZ; CARMEN RASPALDO; MARY Y. NAVARRO SANTIAGO and ALFREDO GOVEO MONTAÑEZ<br><br>      Plaintiffs<br><br>      v.<br><br>UNIÓN INDEPENDIENTE DE EMPLEADOS TELEFÓNICOS ("UIET") and MYRIAD BENEFITS INCORPORATED<br><br>      Defendants | CIVIL NO.: 18-1729<br><br><br><br><br><br>BREACH OF FIDUCIARY DUTIES<br><br><br><br>TRIAL BY JURY REQUESTED |

## COMPLAINT

**TO THE HONORABLE COURT:**

Come now the above-named Plaintiffs by and through their undersigned counsel and respectfully state, allege and pray as follows:

### I.  NATURE OF THE ACTION

1.1. Plaintiffs bring this action pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. §1132(a)(3), to redress Defendants' breach of their fiduciary duties owed to them as Beneficiaries and Participants of the group health plan that was devised and designed by Co-Defendant Myriad Benefits Incorporated (hereinafter "Myriad") and sponsored

- 1 -

and administered by Co-Defendant Unión Independiente de Empleados Telefónicos (hereinafter "UIET").

1.2.    As more fully set forth below, Plaintiffs seek appropriate relief as defined and provided for by Section 409 of ERISA, 29 U.S.C. §1109, to make them whole for the deprivation of the health benefits to which they were entitled as more particularly set forth herein below.

## II.    JURISDICTION AND VENUE

2.1    This court has subject matter jurisdiction based upon federal question pursuant to 28 USC §1131 since this action arises under ERISA.

2.2    Venue lies properly in this district pursuant to ERISA §502(e)(2), 29 USC §1132(e)(2), insofar as it is in this judicial district where all the facts that give rise to this action occurred.

## III.    PARTIES TO THIS ACTION

3.1    Plaintiffs Rosa M. Guevara Ortiz, Margarita Gracia, Lourdes Huertas, Magalie Crispin, Maria Betancourt, Hernan Villanueva, William Leon Figueroa, Victor Ilarraza, Francisco Padilla, Mayra I. Berrios, Ricardo Otero Pizarro, Luis Orlando Berrios, Geraldo Clemente, Felipe Diaz Melendez, Mildred Espinosa Aviles, Christian Martinez, Carmen Raspaldo, Mary Y. Navarro Santiago, and Alfredo Goveo Montañez (hereinafter collectively referred to as "Plaintiffs") are all retired employees from the Puerto Rico Telephone Company (hereinafter "PRTC") and former members of UIET, who, as of 2014, were younger than 60 years old.

3.2    Co-Defendant UIET is a labor union that represents a segment of PRTC's work force, who also represented the Plaintiffs while they were under PRTC's employ prior to their retirement.

3.3     Co-Defendant Myriad is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico who, at all material times to this action, acted as an agent of UIET and was responsible for devising and designing the group health plan in which Plaintiffs participated until September 30, 2015.

## IV.    THE FACTS

4.1     In late 2013 or early 2014, UIET and PRTC executed a Collective Bargaining Agreement (hereinafter "CBA") that will be in full force and effect from January 31, 2014 thru January 30, 2021.

4.2     Article 41, Section 1, of the CBA established that sixty (60) days after the execution of the CBA, UIET members would be entitled to receive the benefits of a group health plan that UIET "will obtain and will provide". Article 41, Section 1, of the CBA also established that UIET would be the sponsor and administrator of the health plan and that UIET would be solely responsible to negotiate and contract with a health insurance company that would provide the benefits to UIET members and retirees.

4.3     The health plan that UIET was going to establish pursuant to Article 41, Section 1, of the CBA would substitute and/or replace the health plan in which UIET members participated prior to the execution of the CBA, which, in turn, was sponsored and administered by PRTC.

4.4     On February 6, 2014, PRTC's Director of Employee Compensation and Benefits, Zoraida Báez, sent a letter to UIET's President, Edward Sánchez, in order to initiate the orderly transition of UIET members to the new health plan that UIET would design, set-up, administer and operate. The February 6, 2014 letter clearly stated that PRTC "does not assume in any way the legal responsibilities of the Union in the establishment, administration and operation of the new Health Plan."

4.5     To comply the obligations set forth in Article 41 of the CBA, UIET retained the services of Myriad to design the new health plan for UIET members and retirees and to negotiate with the insurance carriers the terms and conditions of the UIET sponsored and administered health plan.

4.6     On February 26, 2014, UIET's President sent a letter to Myriad confirming that, effective on February 15, 2014, UIET had designated Myriad as the producer/broker of UIET's "Medical Services Program" and authorizing Myriad to negotiate on its behalf the provision of health benefits to various groups of employees, including "Retirees younger than 65 years old". The letter clarified that UIET reserved the right to finally approve the health benefits plan that Myriad devised.

4.7     Pursuant to the authorization received, as previously described, Myriad negotiated a health benefits plan with MAPFRE Life Insurance Company (hereinafter "MAPFRE") that was captured in a Group Health Insurance Policy that UIET and MAPFRE executed with an effective date of April 1, 2014.

4.8     On March 6, 2014, UIET's President sent a notification to all UIET members that were near to retirement or that had already retired informing them that, "after an arduous negotiation, we obtained a health plan option for the many workmates that are near to retirement or have already retired, who need health benefits, but could not acquire them due to their high costs."

4.9     The March 6, 2014 Notice informed that MAPFEE Salud was the insurer that would provide those health benefits starting on April 1, 2014, which would include the following: Medical Coverage, Major Medical, Organ Transplants, Pharmacy, Dental and Eyesight.

4.10   The March 6, 2014 Notice further informed that the health plan to be provided by MAPFRE Salud for retirees would have a monthly cost of $138.85, for individual coverage, and, $281.81, for couples and family coverage, and that those costs were "guaranteed for three years from April 1, 2014."

4.11   Plaintiffs received the March 6, 2014 Notice and, relying on the representations made therein, they registered into the MAPFRE health plan for UIET retirees and paid the monthly fees that corresponded to the coverage that they selected.

4.12   Plaintiffs paid all the monthly fees of the MAPFRE health plan until the month of October 2015.

4.13   On September 30, 2015, UIET's President sent a Notice to Plaintiffs, addressed to "Dear Retiree or Dependent of Retiree insured by UIET's MAPFRE Medical Plan", which informed, among other matters, that, "[d]ue to various complications of an operational character, as well as the high delinquency volume" on the part of retirees younger than 60 years old or their dependents, the health plan provided by MAPFRE was being canceled to all retirees younger than 60 years old effective on October 31, 2015.

4.14   Subsequently, Plaintiffs learned that the reasons set forth in the September 30, 2015 Notice were false and that the true reason for the cancelation of the health plan benefits to retirees younger than 60 years old was that, contrary to the representations made in the March 6, 2014 Notice, UIET and Myriad had never created a health plan for retirees younger than 65 years old and, instead, included them in the health plan for active UIET members, which was not legally permissible.

4.15   As a result of the foregoing, Plaintiffs and their dependents lost the health benefits provided by MAPFRE on October 31, 2015 and were forced to acquire in hastiness alternate health plans at a significantly higher cost and, in many instances,

lesser coverage, notwithstanding the fact that UIET had guaranteed the MAPFRE health plan until March 31, 2017.

4.16    On September 21, 2016, Plaintiffs filed an action for damages against UIET and Myriad before the Puerto Rico Court of First Instance, San Juan Part, in cause no. K AC2016-0903 alleging, in synthesis, the same set of facts that are the subject of the instant action.

4.17    UIET and Myriad moved for the dismissal of that action arguing, in synthesis, that, at all relevant times, they had acted as fiduciaries of the MAPFRE health plan, for which the Puerto Rico Court lacked subject matter jurisdiction.

4.18    On March 20, 2018, the Puerto Rico Court issued Judgment dismissing the action while holding that, in fact, UIET and Myriad had acted as fiduciaries of an ERISA welfare plan, for which reason it lacked jurisdiction to entertain and rule on the dispute that had arisen between the parties.

## V.    CLAIM FOR RELIEF

5.1    Plaintiff realleges as if fully set forth herein paragraphs 1.1 to 4.18, both inclusive.

5.2    UIET and Myriad induced Plaintiffs to register into the MAPFRE health plan based on false representations and pretenses and subsequently deprived Plaintiffs of the medical benefits they were entitled to and that had been guaranteed for three (3) years, forcing them to frantically seek alternate health benefits at a substantially higher cost and, in many instances, with a lesser coverage than the one provided by the MAPFRE Health Plan.

5.3    By the actions and conduct described above, UIET and Myriad, as fiduciaries of the MAPFRE health plan, failed to discharge their duties with the diligence

that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

5.4     Hence, UIET and Myriad are liable to Plaintiffs for the appropriate relief that the breach of their fiduciary duties warrants and should be compelled to make Plaintiffs whole for the deprivation of the health benefits to which they were entitled.

5.5     Pursuant to the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b), Fed.R.Civ.P., Plaintiffs request trial by jury as to all the issues and claims asserted herein.

## VI.     PRAYER

**WHEREFORE**, Plaintiffs respectfully request the entry of judgment in their favor and against UIET and Myriad awarding Plaintiffs the appropriate relief to which they are entitled under ERISA and taxing UIET and Myriad with costs, prejudgment interest and attorney's fees.

Respectfully submitted, in San Juan, Puerto Rico, on September 28, 2018.

*S/Guillermo Ramos Luiña*
GUILLERMO RAMOS LUIÑA
USDC-PR NO. 204007
gramlui@yahoo.com

P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. 787-620-0527
Fax 787-620-0039