```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
_____
                                    )
ROSA M. GUEVARA ORTIZ,              )
MARGARITA GRACIA,                   )
LOURDES HUERTAS,                    )
MAGALIE CRISPIN,                    )
MARIA BETANCOURT,                   )
HERNAN VILLANUEVA,                  )
WILLIAM LEON FIGUEROA,              )
VICTOR ILARRAZA,                    )
FRANCISCO PADILLA,                  )
MAYRA I. BERRIOS,                   )
RICARDO OTERO PIZARRO,              )
LUIS ORLANDO BERRIOS,               )
GERALDO CLEMENTE,                   )
FELIPE DIAZ MELENDEZ,               )
MILDRED ESPINOSA AVILES,            )
CHRISTIAN MARTINEZ,                 )
CARMEN RASPALDO,                    )
MARY Y. NAVARRO SANTIAGO,           )
ALFREDO GOVEO MONTAÑEZ,             )
                                    )
               Plaintiffs,          )
                                    )
          v.                        )   CIVIL ACTION
                                    )   NO. 18-01729-WGY
UNIÓN INDEPENDIENTE DE EMPLEADOS    )
TELEFÓNICOS,                        )
MYRIAD BENEFITS INCORPORATED,       )
                                    )
               Defendants.          )
_____ )

YOUNG, D.J.[1]                                       May 19, 2021
```

**MEMORANDUM OF DECISION**

---

[1] Of the District of Massachusetts, sitting by designation.

[1]

I.  **INTRODUCTION**

On March 15, 2021, this Court denied the defendants' motion to dismiss in this ERISA action.  See Minute Entry Proceedings Held Before Judge William G. Young ("Minute Entry"), ECF No. 59; Defs.' Mot. Dismiss Am. Compl. ("Mot. Dismiss"), ECF No. 35. The defendant-fiduciaries argued that this Court ought dismiss the action because the plaintiff-retirees failed to exhaust administrative remedies before filing suit.  See Mot. Dismiss 7-9.

Whether a plaintiff is required to exhaust administrative remedies before bringing an action for breach of fiduciary duty in violation of ERISA section 404 is unresolved in the First Circuit.  For the reasons discussed below, this Court held that such an action is a "statute-based claim" for which a plaintiff is not required to exhaust administrative remedies.

A.  **Factual Background**

This memorandum of decision summarizes the facts as alleged.  See generally Am. Compl., ECF No. 33.  The plaintiffs are nineteen retired employees (collectively, the "Retirees") of the Puerto Rico Telephone Company (the "Telephone Company"). Id. ¶ 3.1.  Codefendant Unión Independiente De Empleados Telefónicos (the "Union") is a labor union which represented the Retirees while they were employed by the Telephone Company.  Id. ¶ 3.2.  Codefendant Myriad Benefits Incorporated ("Myriad") is a

corporation organized and existing under the laws of the Commonwealth of Puerto Rico.  Id. ¶ 3.3.  Myriad acted as the Union's agent and was responsible for devising and designing a group health plan in which the Retirees participated.  Id.

In late 2013 or early 2014, the Telephone Company and the Union executed a collective bargaining agreement (the "Agreement").  Id. ¶ 4.1.  The Agreement stipulated that the Union would obtain and provide a group health plan (the "Plan") for its members within sixty days that would replace the health plan administered by the Telephone Company.  Id. ¶¶ 4.2-4.3.  The Union retained Myriad to design this new health plan and to negotiate the terms and conditions of the new health plan with insurance carriers.  Id. ¶¶ 4.5-4.6.  Myriad subsequently negotiated a health benefits plan with MAPFRE Life Insurance Company ("MAPFRE"), Group Health Insurance Policy No. 357901, which MAPFRE and the Union executed with an effective date of April 1, 2014.  Id. ¶ 4.7.

On March 6, 2014, the president of the Union sent a letter to Union members who were near retirement or who had already retired.  Id. ¶ 4.8; see Mot. File Translated Ex., Ex. 3, Mar. 6, 2014 Letter, ECF No. 38-3.  The letter informed these members that the Union had obtained a health plan option for them, that MAPFRE would be the insurance provider, and that the plan would start on April 1, 2014.  Am. Compl. ¶¶ 4.8-4.9.  The letter also

[3]

listed monthly premiums for the health plan and guaranteed these premiums for three years. Id. ¶ 4.10. The Retirees assert that they registered for the plan and paid the monthly premiums from April 2014 until October 2015. Id. ¶¶ 4.12-4.13.

On September 30, 2015, the president of the Union sent a letter to the Retirees informing them that effective October 31, 2015, the health plan was being canceled for all retirees under the age of sixty due to "various complications of an operational character, as well as the high delinquency volume" for these retirees. Id. ¶ 4.14; see Opp'n Mots. Dismiss., Ex. 2, Sept. 30, 2015 Letter, ECF No. 45-2. The Retirees allege that the true reason for the cancelation was that the Union and Myriad (collectively, the "Fiduciaries")[2] "had never created a health plan for retirees younger than [sixty-five] years old." Id. ¶ 4.16. Instead, the Retirees allege that the Fiduciaries knowingly "included them in the health plan for active [Union] members." Id.

The Retirees bring suit pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), alleging that the Fiduciaries

---

[2] Neither the Union nor Myriad disputes that it is an ERISA fiduciary, and the Retirees have alleged sufficient facts to overcome a motion to dismiss on this basis. See 29 U.S.C. § 1002(21)(A) (defining an ERISA fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of . . . [or] administration of [an ERISA-qualified] plan").

[4]

failed to exercise appropriate diligence and prudence as fiduciaries of the MAPFRE health plan in violation of ERISA section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). See id. ¶¶ 1.1, 5.5.

### B.  Procedural Background

On September 21, 2016, the Retirees filed a complaint against the Fiduciaries in the Puerto Rico Court of First Instance. Compl. ¶ 4.16, ECF No. 1. The Puerto Rico court dismissed the action for lack of subject-matter jurisdiction on March 20, 2018.[3] Id. ¶ 4.18.

On September 28, 2018, the Retirees filed this action. See generally id. Following the Fiduciaries' motion to dismiss,[4] see Defs.' Mot. Dismiss, ECF No. 12, the Retirees amended their complaint with leave from this Court and requested a jury trial, see Am. Compl. The Fiduciaries again moved to dismiss. See Mot. Dismiss.

---

[3] The federal district courts have exclusive jurisdiction over ERISA actions brought under chapter 29, section 1132(a)(3) of the U.S. Code. See 29 U.S.C. § 1132(e).

[4] The Union filed pleadings that were joined by Myriad. This includes the motion to dismiss. See Mot. Joinder Codef. Unión Independiente de Empleados Telefónicos' Mot. Dismiss, ECF No. 14.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44-45 (1st Cir. 2012); see Justiniano v. Walker, 986 F.3d 11, 19 (1st Cir. 2021). "The plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 79 (1st Cir. 2013). First, "the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Second, "the court must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations omitted).

## III. ANALYSIS

ERISA does not expressly require exhaustion of administrative remedies. Morales-Cotte v. Cooperativa de Ahorro y Credito Yabucoeña, 73 F. Supp. 2d 153, 158 (D.P.R. 1999)

[6]

(Pieras, J.). Rather, courts have read an exhaustion requirement into the statute based on ERISA's requirement that every benefit plan establish an administrative review procedure for "any participant whose claim for benefits has been denied." Id.; 29 U.S.C. § 1133(2). In considering whether to require exhaustion of administrative remedies for ERISA claims, the First Circuit has distinguished between "contract-based claims" and "statute-based claims." See Madera v. Marsh USA, Inc., 426 F.3d 56, 63 (1st Cir. 2005). Whereas a contract-based claim concerns the interpretation of the terms of a health plan, a statute-based claim concerns the interpretation of the terms of the ERISA statute itself. Morales-Cotte, 73 F. Supp. 2d at 159-60; see Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988).

The pertinent question, therefore, is whether the claim at hand is contract- or statute-based. In evaluating this question, this Court takes to heart the First Circuit's admonition in Drinkwater to beware of "contract claim[s] artfully dressed in statutory clothing." See 846 F.2d at 826. In Drinkwater, the plaintiff claimed that his employer had breached its fiduciary duty by denying him benefits under a new and more generous disability plan. Id. at 823-24. The First Circuit reasoned that because this claim for past-due benefits was grounded in the terms of the plan, rather than the terms of

[7]

the statute, it was nothing more than a contract-based claim in statutory garb. Id. at 826.

Here, accepting the factual allegations as true, see A.G. ex rel. Maddox, 732 F.3d at 79, no statutory disguise is apparent. The Retirees allege that the Union and Myriad breached their fiduciary duties under ERISA section 404 by knowingly inducing them to sign up for a health plan that did not provide coverage to retirees. Am. Compl. ¶¶ 4.16, 5.4-5.5. If true, this would constitute a breach of fiduciary duty. See Varity Corp. v. Howe, 516 U.S. 489, 506 (1996) ("[L]ying is inconsistent with the duty of loyalty owed by all fiduciaries . . . ." (quotations omitted)). Although the Fiduciaries' alleged malfeasance had the secondary effect of causing the Retirees to lose their health insurance coverage and benefits, the Retirees do not argue that the Fiduciaries wrongfully denied them benefits under the terms of the health plan. See generally Am. Compl. Instead, the Retirees assert that the Fiduciaries' conduct did not comport with the requirements of ERISA section 404. Id. ¶ 5.5. A claim requiring interpretation of the terms of ERISA is a statute-based one. Morales-Cotte, 73 F. Supp. 2d at 159-60; see Drinkwater, 846 F.2d at 826. The Fourth Circuit has reached the same conclusion. See Smith v. Sydnor, 184 F.3d 356, 363 (4th

Cir. 1999) (holding that a valid claim for breach of fiduciary duties is statute-based).

Having concluded that the claim at hand is statute-based, this Court now examines whether exhaustion is required for such a claim. Under First Circuit law, the "exhaustion of administrative remedies is a prerequisite to suit in contract-based claims." Madera, 426 F.3d at 63 (citing Morais v. Cent. Bev. Corp. Union Retirees' Supplemental Ret. Plan, 167 F.3d 709, 712 n.4 (1st Cir. 1999); Drinkwater, 846 F.2d at 825-26). Although the First Circuit has distinguished between contract-based and statute-based ERISA claims, it has not decided whether statute-based ERISA claims require plaintiffs to exhaust administrative remedies. Morales-Cotte, 73 F. Supp. 2d at 159. The in-circuit caselaw is divided on this issue. See Kane v. VSI Meter Servs., Inc., 723 F. Supp. 2d 268, 270 (D. Me. 2010) (Hornby, J.) (collecting cases). Another session of this Court, however, addressed this question head-on in Morales-Cotte. See 73 F. Supp. 2d at 158-60.

Morales-Cotte involved ERISA claims under sections 601(a) and 606(a)(4), relating to the defendant's alleged failure to comply with COBRA notice and continuing coverage requirements. Id. at 159. There, the court observed that it was undisputed that these were statute-based claims. Id. at 159-60. The court then proceeded to survey the precedential landscape, noting that

[9]

six of the eight circuits that had taken up the issue had concluded that a plaintiff need not exhaust administrative remedies for statute-based ERISA claims.  Id.  The Morales-Cotte court sided with this "majority position" for statutory and judicial policy reasons.  Id. at 160.  The court observed that ERISA section 503, from which the exhaustion requirement is derived, speaks only of establishing review procedures for the denial of contract-based claims, so "there is simply no statutory basis for an administrative exhaustion requirement in the context of statute-based claims."  Id.  In the absence of a statutory mandate, the court concluded that although an exhaustion requirement for statute-based claims might increase judicial efficiency, this advantage was outweighed by the duty of federal courts to adjudicate questions of federal law.  Id.

This Court finds the reasoning in Morales-Cotte persuasive.  Absent a clear directive from Congress, we abdicate our duties as federal courts when we erect barriers to justice in the name of efficiency.  Moreover, this case illustrates the practical reasons against exhaustion for statute-based claims.  It is unclear here what administrative remedies the Retirees were supposed to exhaust.  The Fiduciaries point to the MAPFRE appeals procedure described in the summary plan description, see Mot. Dismiss 9, but that procedure applies only to "a reimbursement request or any denial of benefits," not to

cancelation of the plan, see Mot. File Translated Ex., Ex. A, Benefits Medical Plan UIET Employees 9, ECF No. 57-2.  That is because MAPFRE, the insurance company, had no control over the Fiduciaries' decision to cancel the plan for retirees.  An appeal of the decision would therefore have been futile.[5]  Some courts nevertheless have held under similar circumstances that exhaustion is required because it helps winnow out frivolous claims and minimize the cost and time of dispute resolution.  See, e.g., Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996); Mason v. Cont'l Grp., Inc., 763 F.2d 1219, 1227 (11th Cir. 1985).  This Court fails to see how requiring plaintiffs to undergo a futile appeals process before filing suit maximizes efficiency.  Therefore, this Court holds that exhaustion is not required for statute-based claims, such as the one here.

---

[5] The Retirees argue in the alternative that even if exhaustion is required for statute-based ERISA claims, failure to exhaust should be forgiven here because it would have been futile.  Opp'n Mots. Dismiss ¶¶ 3.10-3.11.  Since this Court rejects the former proposition, it need not consider the latter.  The apparent futility of the appeals process here, however, helps illustrate why exhaustion ought not be required for statute-based claims.

## IV.  CONCLUSION

For the foregoing reasons, this Court DENIED the fiduciaries' motion to dismiss.  <u>See</u> Minute Entry, ECF No. 59.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
DISTRICT JUDGE