IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Rosa M. Guevara Ortiz; *et al*<br><br>**Plaintiffs**<br><br>v.<br><br>Unión Independiente de Empleados Telefónicos ("UIET"); *et al*<br><br>**Defendants** | Civil No.: 18-cv-1729 (WGY)<br><br>*September 20, 2021*<br>YOUNG D.J.<br>MOTION ALLOWED. *The plaintiff has repeatedly failed timely to provide the discovery and responses required by the Federal Rules of Civil Procedure*<br>U.S. District Judge<br>*William A. Young* |

**JOINT MOTION TO DISMISS FOR LACK OF PROSECUTION**

**To The Honorable Court:**

**COME NOW** Co-Defendants **MYRIAD BENEFITS INCORPORATED** ("Myriad") and **INDEPENDENT UNION OF TELEPHONE EMPLOYEES** ("UIET"), by and through their respective undersigned counsel, and pursuant to Fed.R.Civ.P. 41(b) jointly move to dismiss the captioned case for lack of prosecution. In support thereof, the herein appearing parties respectfully **STATE** and **PRAY** as follows:

**Introduction**

Plaintiffs' lack of prosecution is manifest. Almost 3 years since filing their complaint, and nearly a month before the discovery period ends, they have not served a single interrogatory, document production request, admissions request, or a subpoena. Moreover, they have impeded defendants from obtaining discovery. Thus, to this date, Plaintiffs have failed to tender their answers to Defendants' written discovery requests, while their belatedly served initial disclosures remain incomplete. On 4 occasions, they have cancelled all their previously coordinated, scheduled, and rescheduled depositions. They now also refuse to be deposed until they finalize and serve their overdue answers to Myriad's and UIET's written discovery requests.

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 2

Hence, as it shall be demonstrated below, the captioned case should be dismissed for lack of prosecution, as well as for lack of compliance with this Court Orders compelling discovery and the Federal Rules provisions.

### I. Brief Factual Background

This complaint was filed on September 28, 2018, and later amended on February 15, 2019.[1] Defendants moved to dismiss.[2] This Court denied the dispositive motions and placed this case on its October 2021 Trial List.[3]

After holding the Rule 26(f)'s conference, the parties prepared and filed the proposed case management report.[4] In it, they requested to extend the current case management deadlines by 45 days to conclude all discovery—including deposing all 19 plaintiffs. The proposed deadlines were allowed, save that the trial ready month.[5]

As discussed below, Plaintiffs' actions are contrary to the Court-approved Case Management Order, this Court's Orders to compel, and the Federal Rules of Civil Procedure, which makes it impossible to complete their discovery within the authorized timeframe. Hence, the case should be dismissed with prejudice for failure to prosecute.

---

[1] Dockets 1 and 33.

[2] Dockets 35 and 37.

[3] Docket 59.

[4] Docket 65

[5] Docket 68

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 3

## II. Plaintiffs' evident lack of prosecution, coupled with their unexcused failure to comply with Court Orders and the Federal Civil Rules warrants dismissal with prejudice

### A. Applicable law

Fed.R.Civ.P. 41(b) provides for the dismissal of any given case that plaintiff fails to prosecute or to comply with a Court Order or the Federal Civil Rules:

> If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Federal Courts possess broad discretion to dismiss cases for lack of prosecution.[6] This calibrated sanction was crafted to, "…prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[7] It is especially appropriate when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable.[8]

Moreover, a case may be dismissed for lack of prosecution when there is a "clear record of delay or contumacious conduct" by plaintiff.[9] Likewise, "[d]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."[10]

---

[6] *Flores v. Jewell*, 2016 U.S. Dist.Lexis 102127, at * 5 (D.PR. 2016); *Ortiz-Bonilla v. Meléndez-Rivera*, 2009 U.S.Dist.Lexis 80873, at *4 (D.PR, 2009). Indeed, lack of diligent prosecution constitutes sufficient grounds for dismissal. *Radell-Gomez v. Morell*, 2011 U.S. Dist.Lexis 120240, at * 6 (D.PR, 2011).

[7] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962).

[8] *García-Parra v. Departamento de Justicia*, 2015 U.S. Dist. Lexis 34626, at * 3 (D.PR, 2015).

[9] *Rodríguez-Santana v. Hospital Pavia Santurce*, 2013 U.S.Dist.Lexis 57347, at *6 (D.PR, 2013).

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 4

**B. Plaintiffs' initial disclosure are incomplete, so they fail to comply with this Court's Orders and Fed.Civ.R.26(a)'s requirements.**

According to the Court-approved Case Management Order,[11] the parties had to exchange their initial disclosures by April 30th, 2021. But Plaintiffs failed to do so.

Myriad sent a follow-up letter advising that plaintiffs' initial disclosures were still pending and requesting them to be produced by May 28th, 2021.[12] It received no response.

In a further good faith effort, Myriad granted Plaintiffs until June 29th, 2021 to submit the initial disclosures.[13] But, once again, received no response.

Myriad was left with no other choice than to file a motion to compel plaintiffs to finally serve their Rule 26(a)'s initial disclosures.[14] Two days later, they were ordered to do "forthwith."[15] Yet, it was not until 19 days later that plaintiffs finally served their purported initial disclosures.[16] Still, they were incomplete and did not comply with this Court Order or Fed.Civ.R. 26(a) because:

    (1)    Plaintiffs disclosed in a collective matter the individuals who may have information about the case. But Fed.Civ.R. 26(a)(1)(A)(i) requires each party to identify the name of <u>each individual</u> who is likely to have discoverable information,

---

[10] *Magee v. Bea Construction Corp.*, 2013 U.S.Dist.Lexis 111246, at * 2 (D.PR, 2013). See also *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) and *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002).

[11] Dockets 65 and 68.

[12] Docket 70-Exhibit 1.

[13] Docket 70-Exhibit 2.

[14] Docket 70.

[15] Docket 71.

[16] See Exhibit 1.

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 5

as well as the specific subject of the information that the disclosed person possesses. Plaintiffs vaguely identified these individual as "MAPFRE's employees"; and

(2) Plaintiff failed to submit a computation of their claimed damages with the corresponding supporting documentary evidence. Fed.Civ.R. 26(a)(1)(A)(iii) requires Plaintiffs to furnish an actual claimed damages' calculation, along with all the documents upon which its calculation was based. Instead, Plaintiffs "disclosure" avers that "[t]he damages have not yet been quantified and are subject to determination by the Court."

As an additional gesture of good faith, plaintiffs were granted until August 6th, 2021 to serve their supplemented initial disclosures. It was to no avail.

**C. Plaintiffs have already cancelled their depositions in 4 occasions, and now refuse to schedule them until their overdue answers to the written discovery requests are finished and served— even though discovery ends in just 38 days**

On July 2, 2021, UIET served notices to depose all 19 Plaintiffs on July 20, 21, 22, 23, 29 and 30, 2021.[17] No objection was received. Seventeen days later, the court reporter sent the videoconference link for the first scheduled depositions. It was not until 6 P.M. of the day before the first scheduled depositions were slated, that plaintiffs' counsel finally advised, for the very first time, his problems coordinating with his clients and, thus, they are not currently available to be deposed.[18]

The following day, the parties held a videoconference to reschedule Plaintiffs' depositions. At the end, they all had agreed that plaintiffs would be deposed on July 29 and 30, 2021; as well as on August 10, 12, 17, 26, and 30, 2021. Yet, a few hours after the court reporter sent the videoconference link for the July 29, 2021's depositions, Plaintiffs' counsel stated that

---

[17] See Exhibit 2.

[18] See Exhibit 3.

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 6

his clients were not going to be ready to start depositions on the agreed-upon rescheduled dates.[19]

He also suggested postponing them until August 10th, 2021—which was the next date that all parties had already selected in the discovery itinerary—to commence them:

> Esteemed Colleagues:
>
> ...inform you, that, since the videoconference that we held last week, I have been following-up with Plaintiffs regarding the *outstanding answers to interrogatories*.
>
> As a result of said follow-up, I have been receiving their draft answers, all in Spanish.
>
> I am in the process of formatting and translating the answers so that they may be signed by each of the Plaintiffs under penalty of perjury. Given their numerosity, I will not be able to finish the process this week as originally estimated.
>
> *Thus, it is evident that Plaintiffs will not be ready to start depositions tomorrow or Friday.*
>
> In light of the foregoing, I suggest that we *delay the start of the depositions until August 10th*, which is the *next date that we had selected in the itinerary*.
>
> You will have all answers to interrogatories by August 4th at the latest.
>
> Finally, please be advised that all Plaintiffs will need the assistance of an interpreter.[20]

However, no answers to interrogatories were served by August 4, 2021 or any date thereafter. No to mention that this is the first time that Plaintiffs requested an interpreter.

On August 9, 2021, the court reporter sent the link for the next day's agreed-upon rescheduled depositions. Nonetheless, Plaintiffs' counsel again responded that his clients will not be ready to be deposed, as they are yet to finalize their overdue written discovery requests:

---

[19] See Exhibit 4.

[20] See Exhibit 4. (emphasis supplied).

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 7

> Esteemed Colleagues:
>
> While I am eager to *start the depositions* as soon as possible, I am afraid that Plaintiffs will *not be ready* to do so tomorrow since *we have yet to finalize the responses to interrogatories.*[21]

UIET objected, underscoring that defendants had never required Plaintiffs' to tender their overdue responses as a condition precedent to deposing them:

> Greetings counsel,
>
> Hope everything is fine. Even when we would have *preferred* to receive the interrogatories before the depositions *we have not request* to *receive the interrogatories as a condition to depose plaintiffs*. For that reason we are *maintaining the depositions for tomorrow*. We will start at 9:30am.[22]

Still, plaintiffs' counsel replied that no deposition will be taken because: 1) he was concentrated in finishing the outstanding answers to defendants' written discovery requests; and 2) now, for the very first time, stated that he had a hearing scheduled for that same time and date—even though he had agreed in advance to reschedule depositions on that particular date:

> Esteemed Colleagues:
>
> Unfortunately, that *will not be possible*.
>
> Given that you had stated that you wished to have the *answers to interrogatories* before the depositions were taken, I have concentrated myself in finishing them. Accordingly, *I did not make the necessary coordination with Plaintiffs so that they could appear for depositions tomorrow*.
>
> Moreover, I received a videoconference setting for tomorrow at 10:00 a.m. in the case of Hiram Pérez Soto v. Cantera Pérez, Inc., et al., Civil No. HSCI200701040, pending before the Humacao Superior Court.

---

[21] See Exhibit 5. (emphasis supplied).

[22] See Exhibit 6 (emphasis supplied).

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 8

> Since I am a sole practitioner, I have no one to cover for me given the calendar conflict that has arisen.[23]

Two days later, UIET requested Plaintiffs to confirm their appearance to the next rescheduled set of depositions slated, with the parties' express agreement, for August 12, 2021:

> Good afternoon,
>
> I want to confirm we have the depositions still on for tomorrow. Sorry we have not yet send the link for the depositions, we will be sending the link first time tomorrow.[24]

Plaintiffs reiterated that they were working on their overdue answers to the written discovery requests, which supposedly barred deposing them, and did not even suggest a single alternate date to depose a single witness:

> Esteemed Colleague:
>
> I reiterate that I have been immersed with the pending answers to the discovery requests since your position, until last Monday, was that the depositions would not go forward before the Plaintiffs furnished the responses.
>
> Thus, I *have not been able* to make any *arrangements to line-up the Plaintiffs for their depositions.*

But plaintiffs' purported excuse for not making themselves available to be deposed runs afoul Fed.R.Civ.P. 26(d)(3)'s precepts, as there is no preset sequence to undertaking discovery:

> ...Once the parties have conferred per Rule 26(f) and the Rule 26(b) bar is lifted, the *parties are free to seek discovery* using whatever methods they see fit, *in whatever order they see fit*...[25]

---

[23] See Exhibit 7.

[24] See Exhibit 8.

[25] Steven S Gensler, *Federal Rules of Civil Procedure: Rules and Commentary*, Vol 1, pag. 758 (Thomson Reuters, 2017) (emphasis supplied). See also 6 *Moore's Federal Practice-Civil* §26.122 (LexisNexis electronic data base, last accessed on August 16, 2021) ("Parties may conduct discovery in any sequence...").

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 9

To this date, not a single deposition has been taken in this case.

### D. Plaintiff's answers to defendants' written discovery requests also remain outstanding

Myriad timely served each plaintiff with a *First Set of Interrogatories and Document Production Request*. Although the Court-approved Case Management Order afforded them until June 15, 2021 to tender their answers, plaintiffs failed to submit them or to timely move for an extension to do so.

Myriad, as a good-faith gesture, sent a letter granting plaintiffs until June 29, 2021 to submit their answers. They neither responded to Myriad's letter, nor tendered their overdue answers to the written discovery requests. This required filing a motion to compel.[26] The motion was partially granted and plaintiffs were compelled to furnish the discovery within 30 days.[27]

By the same token, codefendant UIET also served each plaintiff with a *First Set of Interrogatories and Document Production Request*. But plaintiffs also failed to serve their answers within the provided term or requested an extension of time to do so.

UIET, as a good-faith gesture, sent a letter requesting Plaintiffs to provide their outstanding answers by July 7, 2021. Again, Plaintiffs failed to respond. This prompted UIET to file a motion to compel.[28] This Court partially granted UIET's motion and compelled plaintiffs to furnish their responses within 30 days.[29]

---

[26] Docket # 72.

[27] Docket # 76.

[28] Docket #74

[29] Docket # 75

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 10

With barely 38 days remaining to conclude the discovery phase, none of the 19 plaintiffs has served any answers to the written discovery requests.

**E. Plaintiffs have failed to undertake any discovery whatsoever**

Plaintiffs' failure to prosecute is further buttressed by the fact that they did not serve *any* interrogatory, document production request, or admissions request within the Case Management Order's allotted timeframe.

### III. Alternate relief

Should this case not be dismissed, then plaintiffs should be compelled to appear for their depositions on the dates selected by Myriad and UIET; plaintiffs must also complete their initial disclosures within 5 peremptory days; the discovery cut-off date should be extended to November 26, 2021; and the remaining Case Management Order's deadlines—including the trial date—should be rescheduled accordingly.

### IV. Conclusion

Albeit the discovery period is ending in just 38 days, plaintiffs have failed to make the slightest effort to prosecute their case. They did **not** even serve an interrogatory, document production request or admissions request within the Case Management Order's established deadlines.

In-line with their failure to prosecute, plaintiffs have impeded defendants from obtaining discovery or provided complete initial disclosures as compelled by this Court. On 4 occasions, they have cancelled their previously scheduled and agreed-upon rescheduled depositions. Also, to this date, they have **failed** to answer any of the written discovery requests that were served by

Joint Motion to Dismiss for Lack of Prosecution
Rosa M. Guevara v. UIET at al.
18-cv-1729 (WGY)
Page 11

defendants, thus they have not provided a single piece of documental evidence in support of their claim. Plaintiffs have also failed to comply with the Federal Rules requirements, inasmuch as their initial disclosures failed to comply with Rule 26's requirements.

These facts are tantamount to lack of prosecution, which thwarted defendants ability to properly and timely obtain discovery within the Court-established deadline.

**WHEREFORE**, in light of Plaintiffs' complete failure to prosecute this case, Myriad Benefits and UIET respectfully request that it be dismissed with prejudice.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 17th day of August, 2021.

**WE HEREBY CERTIFY** that on this same date, a true and exact copy of this motion to compel was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to all its registered attorneys registered.

**Correa Acevedo & Abesada Law Office, PSC**
Counsel for Myriad Benefits Incorporated
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R. 00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/Sergio Criado
USDC-PR No. 226307
E-Mail: scriado@calopsc.com

/s/Yesenia Medina-Torres
USDC-PR No. 302808
Email: ymedina@calopsc.com

*/s/ Neyza Román Rivera*
**Neyza Román Rivera, Esq.**
ATTORNEY FOR THE CO-DEFENDANT UIET
P.O Box 192408
San Juan, PR 00919-2408
Telephone: 787-249-3442
Email: nroman@hrlegalpro.com
USDC-PR Attorney No.: 302603